**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **No. 2:15 CR 25** |
| | ) | |
| **STEVIE GREEN** | ) | |

## OPINION and ORDER

This matter is before the court on defendant's motion for compassionate release

pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 97.) For the

reasons that follow, the motion is granted.

### I.     BACKGROUND

In 2016, defendant was sentenced to 200 months imprisonment for his involvement

in an armed robbery. (DE # 77.) Presently, defendant's projected release date is May 31,

2029, just shy of 6 years from now. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://

www.bop.gov/ inmateloc/ (last visited Sept. 15, 2023).

Defendant filed a *pro se* motion for a reduction in his term of imprisonment

pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 106.) Appointed counsel filed a

supplemental brief on his behalf. (DE # 107.) The Government filed a brief in opposition

(DE # 110), and defendant filed several documents to further support his initial motion

(DE ## 111, 112, 114). This matter is now ripe for ruling.

### II.     ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment

once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however,

one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). In this case, there is no dispute that defendant has complied with the relevant exhaustion requirements. The remainder of the elements are addressed below.

### A.     Extraordinary and Compelling Circumstances

The court is only authorized to grant defendant's request if there exist "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, for example, a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a

reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.[1] Note 1

provides:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant
>
> meets the requirements of subdivision (2) [regarding absence of danger to the
>
> community], extraordinary and compelling reasons exist under any of the
>
> circumstances set forth below:
>
> > (A) Medical Condition of the Defendant.—
> >
> > > (i) The defendant is suffering from a terminal illness (i.e., a serious
> > >
> > > and advanced illness with an end-of-life trajectory). A specific
> > >
> > > prognosis of life expectancy (i.e., a probability of death within a
> > >
> > > specific time period) is not required. Examples include metastatic
> > >
> > > solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage
> > >
> > > organ disease, and advanced dementia.

Defendant suffers from Acute Myeloid Leukemia, a cancer of the blood and bone

marrow. He has been intermittently treated with different types of chemotherapy. He is

out of treatment options, other than palliative ones, except for an unlikely bone marrow

transplant. In this case, the Government argues that defendant's circumstances are not

---

[1] Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

extraordinary because the BOP can provide adequate treatment and defendant can still provide self-care in a prison environment. The court acknowledges these valid considerations. However, these facts are outweighed by the fact that the prognoses in the record range from a matter of several years, to only 6 months. (DE # 117.) As mentioned, his only remaining hope for treatment is a bone marrow transplant which may not be forthcoming due to lack of a proper donor. (*Id.*) Given all of the considerations, the court finds that defendant's condition presents an extraordinary and compelling reason justifying supervised release.

### B.    Section 3553(a) Factors

Relevant factors set forth in Section 3553(a) also support granting compassionate release to defendant at this time. While an armed robbery is a serious affront to the safety and well-being of society, defendant has demonstrated the ability and willingness to abide by the rule of law by incurring only one minor infraction in 8+ years in custody. (DE # 117 at 21.) Adequate deterrence is still provided, and protection of the public is ensured, by imposing home confinement on defendant for the second half of his sentence rather than a simple release. Finally, the court finds that a 200-month total sentence which consists of half-incarceration and half-home confinement provides just punishment while still also providing medical treatment and end-of-life care to defendant in the most effective manner.

C.      **Consistency with Policy Statements**

The relevant Sentencing Guidelines policy statement, Section 1B1.13, provides that

the court should determine that "the defendant is not a danger to the safety of any other

person or to the community." In this case, the court finds that the combination of

defendant's lawful behavior and self-improvement efforts while incarcerated, combined

with the demands of defendant's health condition and treatments, strongly suggest that

defendant will be a a low risk of danger to the general population or any person upon

release to home confinement.

**III.    CONCLUSION**

For the foregoing reasons, defendant's motion for compassionate release (DE # 97)

is **GRANTED**. The related motion to compel (DE # 129) is **DENIED** as moot. The Bureau

of Prisons is directed to release defendant as soon as possible, following a determination

by the U.S. Probation Office of an acceptable living situation, and the arrangement of

defendant's transportation to that place. His sentence of imprisonment is modified to

time-served. However, the remaining portion of the original term of imprisonment shall

be served as an additional term of supervised release, subject to the same terms imposed

in this court's original judgment, and with the special condition that defendant shall be

subject to home confinement during this period. Defendant shall then complete the

three-year term of supervised release imposed in the original sentence. The remaining

terms of defendant's sentence remain unchanged. The Government shall serve a copy of

this order on the Warden at defendant's place of incarceration, and shall file a status

update with the court upon defendant's release from prison, or by October 1, 2023,

whichever is earlier.

**SO ORDERED.**

Date: September 15, 2023

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT